UNITED STATES *v.* HENSEL, BRUCKMANN & LORBACHER, INC. (No. 3803)[1]

[1] T. D. 47330.

United States Court of Customs and Patent Appeals, October 29, 1934

*Joseph R. Jackson*, Assistant Attorney General (*Charles D. Lawrence*, Special Assistant to the Attorney General, and *Marcus Higginbotham, Jr.*, special attorney, of counsel), for the United States.

*Walden & Webster* (*Edward F. Jordan* of counsel) for appellee.

[Oral argument October 11, 1934, by Mr. Lawrence and Mr. Jordan]

Before GRAHAM, Presiding Judge, and BLAND, HATFIELD, GARRETT, and LENROOT Associate Judges

HATFIELD, Judge, delivered the opinion of the court:

This is an appeal from a judgment of the United States Customs Court holding certain leather cases, specially designed as containers for prism binoculars, and imported with and containing such binoculars, to be separately dutiable at 35 per centum ad valorem under paragraph 1531 of the Tariff Act of 1930.

The paragraph reads:

PAR. 1531. Bags, baskets, belts, satchels, cardcases, pocketbooks, jewel boxes, portfolios, and other boxes and cases, not jewelry, wholly or in chief value of leather or parchment and manufactures of leather, rawhide, or parchment, or of which leather, rawhide, or parchment is the component material of chief value, not specially provided for, 35 per centum ad valorem; any of the foregoing permanently fitted and furnished with traveling, bottle, drinking, dining or luncheon, sewing, manicure, or similar sets, 50 per centum ad valorem.

The involved cases, together with the prism binoculars which they contained, were assessed for duty by the collector at the port of New York at 60 per centum ad valorem under paragraph 228 (a) of that act, which provided, among other things, for "prism-binoculars."

The paragraph reads as follows:

PAR. 228. (a) Spectrographs, spectrometers, spectroscopes, refractometers, saccharimeters, colorimeter, prism-binoculars, cathetometers, interferometers, haemacytometers, polarimeters, polariscopes, photometers, ophthalmoscopes, slit lamps, corneal microscopes, optical measuring or optical testing instruments, testing or recording instruments for ophthalmological purposes, frames and mountings therefor, and parts of any of the foregoing; all the foregoing, finished or unfinished, 60 per centum ad valorem.

The appraiser's report, in answer to the protest, which, although not introduced in evidence, was made within the time required by

law, and is, therefore, a proper part of the record, contains the following statement:

The merchandise in question consists of prismatic binocular glasses put up in leather or imitation leather cases. The cases are specially designed for the glasses they contain, and are bought and sold together; the cases are the usual containers for the glasses. It was returned for duty as entireties at 60% ad val. under par. 228 (a), act of 1930.

It will be observed that the appraiser stated that the involved cases were the usual containers for the binoculars. He further stated, however, that they, together with the binoculars, were returned for duty as entireties at 60 per centum ad valorem under paragraph 228 (a), *supra.*

The cause was submitted to the court below on a stipulation entered into by counsel for the parties. It reads:

It is hereby stipulated and agreed between counsel that the merchandise covered by the above-entitled protest consists of leather cases designed to hold prism binoculars; that said cases were imported with the binoculars they are designed to hold; that when such binoculars are in actual use they are removed from the cases, said cases performing no function excepting to hold the binoculars as a protection and to afford a convenient method of carrying them; that said cases and binoculars are not sold separately in this country but always together; that not all binoculars sold in this country are contained in cases; and that the protest may be submitted.

Dated New York, December 5, 1933.

Filed in open court after call December 6, 1933.

It appears from the record that at the time the cause was submitted, the court below was not informed by counsel as to the issues in the case. It is apparent, however, from the opinion of Judge Sullivan, the concurring opinion of Judge Brown, and the dissenting opinion of Judge McClelland that each member of the court considered the case upon the theory that the sole question involved was whether the cases and the binoculars were dutiable as entireties.

We quote from the opinion of Judge Sullivan:

The invoice in this protest consists of two pages. On the first page there are three items of 90, 8, and 1, respectively, of "Prismatic binocular glasses." Underneath these items in red ink, apparently written by the examining officer, is "Glasses are contained in the cases on the 2d invoice. Dutiable as an entirety, P. 228 A, 60%." On the second page of the invoice are three items of 90, 8, and 1, respectively, of "Cases for prismatic binocular glasses." Underneath in red ink is "The above cases are with the glasses dutiable as an entirety, P. 228 A, 60%."

The invoice prices per unit of each of these items of binoculars are $4.50, $7.50, and $6.75, respectively, while the invoice prices of the cases are $1, $1.50, and $1.25, respectively, per unit, or, roughly, about one-fifth of the values of the binoculars.

Is this combination of prism binoculars and cases an entirety?

It appears from the stipulation that the cases are not essential to the use of the binoculars. They are merely "to hold the binoculars as a protection and to afford a convenient method of carrying them."

After considering the stipulation, the advisory return of the appraiser, and the appraiser's answer to the protest, a majority of the court concluded that the collector had assessed the involved cases and the binoculars contained therein as entireties; that the doctrine of entireties was not applicable; and that, although the binoculars were properly assessed for duty at 60 per centum ad valorem under paragraph 228 (a), the involved cases were separately dutiable at 35 per centum ad valorem under paragraph 1531.

Judge McClelland was of opinion that the cases and the binoculars were dutiable as entireties and so expressed himself in a dissenting opinion.

Thereafter, counsel for the Government filed a motion for a rehearing and submitted therewith a memorandum in support thereof, wherein it was stated that the involved cases were the "usual and necessary containers in which the merchandise involved is transported and imported." It was there claimed that the goods were invoiced as entireties; that the cases were not unusual containers; and that, therefore, the cases and the binoculars were dutiable as entireties.

The petition for rehearing was denied, and the Government appealed to this court.

In its assignment of errors and in its brief in this court, the Government contends that the court below erred in not finding and holding that the involved cases and binoculars were dutiable as entireties. In the brief of counsel for the Government it is stated that the issue in the case is as follows:

Are the said binoculars and the leather cases specially designed to hold the same, in a tariff sense and for tariff purposes entireties and dutiable at 60 per centum ad valorem under the provisions of paragraph 228 (a), *supra*, as classified by the collector; or, are the specially designed leather cases dutiable at 35 per centum ad valorem under the provisions of paragraph 1531, *supra*, and the binoculars only dutiable under the provisions of paragraph 228 (a), *supra*, as held by the court below?

At the time of the oral arguments in this court, counsel for the Government suggested that the involved cases were the usual and ordinary containers for the imported binoculars, and that, by virtue of the provisions of section 402 (c), (d), and (f) of the Tariff Act of 1930, which define foreign and export values and cost of production, respectively, of imported merchandise, and each of which includes as a part of the definition of such values or costs "the cost of all containers and coverings of whatever nature", the cost of the involved cases should have been added by the appraiser to the appraised value of the binoculars, and on the total value thus made up the collector should have assessed, and, in fact, did assess, the duty of 60 per centum ad valorem under paragraph 228 (a). In other words, as we understand it, it is now the suggestion of counsel for the Govern-

ment that, although the doctrine of entireties does not apply, and was not, in fact, applied by the collector, the involved cases are not separately dutiable as held by the court below, but are dutiable as the usual and ordinary containers of the imported binoculars.

If the involved cases had been classified by the collector as the usual and ordinary containers for the transportation of the binoculars to the United States, we might be forced to hold the facts of record insufficient to overcome the presumption of correctness attending such classification. However, the record does not disclose that the involved articles were so assessed by the collector. That issue was not presented to the court below, was not raised in the assignment of errors, and apparently did not occur to counsel for the Government until the case was argued orally in this court. Accordingly, we do not consider it.

Limiting our decision solely to the issues presented to the trial court, we must hold that the involved cases and the binoculars contained in them are not dutiable as entireties. They were not designed to be, nor are they capable of being, assembled together to make a new article having a new name, character, or use. On the contrary, each is a separate, distinct, and complete entity, the cases being designed merely as suitable containers for the binoculars when not in use during, and subsequent to, their transportation to the United States. That the doctrine of entireties is not applicable to the involved merchandise is so apparent that we deem it unnecessary to prolong this discussion. See *United States* v. *Kronfeld, Saunders, Inc.*, 20 C. C. P. A. (Customs) 57, T. D. 45679, and cases cited therein.

For the reasons stated, the judgment is *affirmed*.